# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRELD LEE FISHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-2445-RWS |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Jerreld Lee Fisher for leave to commence this action without prepayment of the filing fee [Doc. #2]. *See* 28 U.S.C. § 1915. Upon consideration of plaintiff's financial information, the Court will grant him in forma pauperis status. In addition, and for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519,

520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff seeks two hundred million dollars and unspecified punitive damages in this action brought against defendants City of St. Louis, City of St. Louis Department of Public Safety, and City of St. Louis Electrical Board ("Board") for the violation of his Fourteenth Amendment due process rights. The Court will liberally construe the complaint as having been brought under 42 U.S.C. § 1983.

Plaintiff summarily alleges that "Jerry Fisher Electric Service" was licensed in St. Louis for twenty-seven years, but on July 17, 2009, the Board revoked his electrical license without due process of law. Plaintiff states that he received a formal hearing on the matter, as well as the opportunity to file an appeal; however, he complains that "the record [on appeal was] tainted with photos and allegations not in evidence, no automatic stay in accordance with City ordinance, no written reason to deny (required)." Plaintiff states that he sent certified letters to the Mayor of the City of St. Louis and the Department of Public Safety, but each failed to address plaintiff's concerns. In a disjointed, conclusory, and confusing manner, plaintiff goes on to state the following: (1) the City of St. Louis issued an electrical license

3

to "Advanced Alternative Energy, LLC" in June 2013; (2) a license was issued to "senior partner Guy Gregory Aaes, LLC," but when he attempted to obtain a permit, he was told he must take the electrical license test "in spite of [the] company having [a] Board member (partner) with over 27 years licensed in City of St. Louis – Discriminatory policy toward black contractors"; (3) Chet Smith was licensed and bonded in Kansas City, Missouri, but he was denied access to a "city license," because his test score was below the City requirement; (4) in 2009, the Board notified Kenny Goodwin of Black Jack Electric that "his license would be target [sic] for [plaintiff's] employment"; and (5) the "action of [the] City included monitoring by utility company and efforts to blackball [plaintiff] . . . in spite of being [a] master electrician, veteran honorably discharged." In addition, plaintiff asserts a pendent state claim for defamation of character. He alleges that a "city inspector and officials verbally defamed [his] character on [a] number of occasions to customers & individuals."

## Discussion

At the outset, the Court will dismiss all claims plaintiff is attempting to bring on behalf of Chet Smith and Kenny Goodwin, because plaintiff lacks standing to do so, and a person not licensed to practice law may not represent another individual in federal court. *See* 28 U.S.C. § 1915(e)(2)(B); *Lewis v. Lenc-Smith Mfg. Co.*, 784

F.2d 829, 830 (7th Cir. 1986) (person not licensed to practice law may not represent someone else in federal court).

Moreover, to the extent that plaintiff is challenging as unconstitutional the fact that the City of St. Louis requires electricians to pass an examination in order to be licensed, this claim will be dismissed as legally frivolous. *Cf. Kudla v. Modde*, 537 F.Supp. 87, 89 (E.D. Mich. 1982) (no due process violation where city revoked contractor's refrigeration license after failing to pass necessary examinations; inclusive in the authority to license is the power to prescribe qualifications for the license).

The Court will also dismiss plaintiff's conclusory equal protection claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). Plaintiff does not allege that he belongs to a suspect class or that he has a fundamental right at stake, and his failure to do so is detrimental to his equal protection claim. *See Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted) (Equal Protection Clause prohibits government officials from selectively applying the law in a discriminatory way); *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir.1999) (Equal Protection Clause protects fundamental rights, suspect

5

classifications, and arbitrary and irrational state action). Moreover, even if the Court were to interpret the complaint as attempting to assert a "class of one" violation, it would fail. Such a claim is only allowed where a plaintiff demonstrates that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir.2009) *(quoting Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). Plaintiff's complaint fails to allege such a claim.

Plaintiff's assertions that "the record [on appeal was] tainted with photos and allegations not in evidence, no automatic stay in accordance with City ordinance, no written reason to deny" simply do not state a claim for the violation of his Fourteenth Amendment procedural due process rights. Moreover, it appears that the process plaintiff received, viz-à-viz the formal hearing and opportunity to file an appeal, comport with constitutional due process requirements. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).

To the extent that plaintiff is seeking to challenge the decision of the state appellate tribunal, affirming the revocation of his electrical license, plaintiff's remedies do not lie in federal district court. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate

6

review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).

To the extent that plaintiff is attempting to assert any other constitutional challenges to the revocation of his electrical license, the allegations set forth in the complaint fail to state a claim or cause of action under § 1983 as to any of the named defendants. For these reasons, the Court will dismiss plaintiff's § 1983 claims.

Because plaintiff's federal claims will be dismissed, his remaining pendent state claim for defamation will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because it is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE